```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ELIZABETH FLINT,

                          Plaintiff,                          MEMORANDUM & ORDER
                                                              22-CV-6462 (PKC) (TAM)
        - against -

BERNARDO DEJESUS, et al.,

                          Defendants.
----------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

Plaintiff Elizabeth Flint ("Plaintiff") brings this action against Defendants Bernardo DeJesus, Richie's H.O.P., Inc., and IHOP Franchisor LLC (collectively, "Defendants"). Plaintiff alleges that Defendants unlawfully discriminated against her on the basis of her disability in violation of, *inter alia*, the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York (the "Administrative Code"). Before the Court is Defendant IHOP Franchisor LLC's ("IHOP Franchisor") motion to dismiss Plaintiff's NYCHRL claim, the sole remaining claim against it. For the reasons discussed below, the Court grants the motion and dismisses IHOP Franchisor from the case.

## BACKGROUND

### I. Relevant Facts

#### A. The Parties

Plaintiff, a resident of New York City, is a wheelchair user who suffers from various medical conditions. (Am. Compl., Dkt. 23, ¶¶ 5–6.) Plaintiff often shops and dines at various establishments in Rosedale, Queens. (*Id.* ¶¶ 7–9.)

Defendant Richie's H.O.P., Inc. operates an IHOP restaurant ("Restaurant") pursuant to a franchise agreement with Defendant IHOP Franchisor. (*Id.* ¶ 12–13.) The Restaurant is located in Rosedale, Queens, in a building owned by Defendant Bernardo DeJesus. (*Id.* ¶¶ 11, 13.)

### B. The Alleged Discrimination

Plaintiff alleges that numerous architectural barriers exist at the Restaurant that have prevented or limited her access due to her disability. (*Id.* ¶ 22.) According to the Amended Complaint, alterations were made to the Restaurant some time after January 1992. (*Id.* ¶ 23.) Specifically, in 1999, Defendants added a "one-story expansion" to the Restaurant and expanded the Restaurant's capacity from a maximum of 74 persons to a maximum of 149 persons. (*Id.* ¶ 25.)

Plaintiff has since attempted to access the Restaurant but has been unsuccessful due to various architectural barriers that make the space inaccessible to those in wheelchairs. (*Id.* ¶¶ 26–29.) Those barriers include the lack of an accessible route from the public street and sidewalk to the Restaurant entrance and various ramps that are not compliant with the standards set forth in the Americans with Disabilities Act ("ADA"). (*Id.* ¶¶ 27–28, 30.)

## II. Procedural History

On October 25, 2022, Plaintiff filed suit against Defendants. (Compl., Dkt. 1.) The original Complaint asserted four causes of action against all Defendants, alleging violations of (1) the ADA, (2) the New York State Human Rights Law ("NYSHRL"), (3) the NYCHRL, and (4) the New York State Civil Rights Law. (*Id.*) On March 9, 2023, Defendant IHOP Franchisor requested a pre-motion conference ("PMC") in connection with an anticipated motion to dismiss as to all claims against it. (Def.'s PMC Ltr., Dkt. 15). Four days later, on March 13, 2023, Plaintiff filed a Notice of Voluntary Dismissal of the First, Second, and Fourth Causes of Action—i.e., her ADA, NYSHRL, and New York State Civil Rights Law claims—as to IHOP Franchisor. (Notice of

Voluntary Dismissal, Dkt. 20.) In response, on March 16, 2023, IHOP Franchisor renewed its PMC request but only as to the remaining NYCHRL claim against it. (*See* Def.'s 2d PMC Ltr., Dkt. 22.)

In light of Plaintiff's procedurally improper attempt to voluntarily dismiss three of the four claims against IHOP Franchisor, on March 17, 2023, the Court directed Plaintiff to file an Amended Complaint, (3/17/2023 Docket Order), which Plaintiff did on April 4, 2023, (Am. Compl., Dkt. 23). In addition to her NYCHRL claim against all Defendants, the Amended Complaint continues to assert claims against Defendants Bernardo DeJesus and Richie's H.O.P., Inc. (collectively, the "Non-Franchisor Defendants") for violations of the ADA, NYSHRL, and the New York State Civil Rights Law. (*Id.* ¶¶ 41–92.) The Non-Franchisor Defendants answered the Amended Complaint. (Answer, Dkt. 26.)

With respect to IHOP Franchisor's PMC request, the Court ultimately determined that a PMC was unnecessary, (6/21/2023 Docket Order), and adopted the briefing schedule proposed by the parties, (6/29/2023 Docket Order). IHOP Franchisor's motion was fully briefed on October 20, 2023. (*See* Dkts. 33–35.)

**III.   Jurisdiction and Venue**

Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 because "this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA." (Am. Compl., Dkt. 23, ¶ 3.)[1] Plaintiff also maintains that venue in this District is proper pursuant to 28 U.S.C. § 1391(b), "because

---

[1] With respect to Plaintiff's claims under New York State and New York City law, Defendants do not appear to contest the Court's supplemental jurisdiction over those claims, all of which are based on the alleged disability discrimination that is at the heart of this case.

3

Defendants' acts of discrimination alleged herein occurred in this [D]istrict and Defendants' place of public accommodation that is the subject of this action is located in this [D]istrict." (*Id.* at ¶ 4.)

## LEGAL STANDARD

In order to survive a motion to dismiss for failure to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Hogan*, 738 F.3d at 514. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). In considering a motion to dismiss for failure to state a claim, courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp.*, 712 F.3d at 717 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to

accept as true a legal conclusion couched as a factual allegation." (internal quotation marks and citations omitted)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Pension Benefit Guar. Corp.*, 712 F.3d at 717 (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Plaintiff asserts a claim against Defendant IHOP Franchisor under the NYCHRL. (Am. Compl., Dkt. 23, ¶¶ 68–88.) As explained below, the Court finds the Amended Complaint fails to plausibly allege that Defendant IHOP Franchisor discriminated against Plaintiff in violation of the NYCHRL. Accordingly, Plaintiff's NYCHRL claim against IHOP Franchisor is dismissed.

The NYCHRL prohibits disability discrimination by any "owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent, or employee of any place or provider of public accommodation." N.Y.C. Admin. Code § 8-107(4)(a). Through the Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), the New York City Council amended the Administrative Code due to concerns that "the NYCHRL had been interpreted too narrowly by courts in the past—often by drawing on corresponding federal standards." *Chauca v. Abraham*, 841 F.3d 86, 87 (2d Cir. 2016) (citing Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85 of 2005 (Oct. 3, 2005) § 7, N.Y.C. Admin. Code § 8–130). The Restoration Act "established two new rules of construction." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). First, it created "a 'one-way ratchet,' by which interpretations of state and federal civil rights statutes can serve only 'as a floor below which the City's Human Rights law cannot fall.'" *Sullivan v. Dr.'s Assocs. LLC*, No. 19-CV-719 (GHW), 2020 WL 353752, at *7 (S.D.N.Y. Jan. 17, 2020) [hereinafter *Sullivan I*] (quoting *Mihalik*, 715 F.3d at 109). Second, it established "a requirement that the NYCHRL provisions 'be construed liberally for the

5

accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title[,] have been so construed.'" *Id.* (quoting *Mihalik*, 715 F.3d at 109). Where, however, no relevant difference exists between the analysis required by the NYCHRL and the ADA, the same pleading standard is applied. *Sullivan v. Dr.'s Assocs. LLC*, No. 19-CV-719 (GHW), 2020 WL 2319295, at *3 (S.D.N.Y. May 8, 2020) [hereinafter *Sullivan II*]; *see also Dicarlo v. Walgreens Boot All., Inc.*, No. 15-CV-2919 (JPO), 2016 WL 482982, at *2 (S.D.N.Y. Feb. 5, 2016).

At the outset, the parties dispute the relevant pleading standard. IHOP Franchisor argues that the Court should apply the standard for stating a claim under Title III of the ADA. (Def.'s Mem. in Supp. Mot. to Dismiss ("Def.'s Mem."), Dkt. 33-3, at 3–4.) To state a claim under Title III, Plaintiff must allege "(1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Here, Defendant contends that the Amended Complaint fails to allege that IHOP Franchisor owns, leases, or operates the Restaurant. (*See* Def.'s Mem., Dkt. 33-3, at 3–8.) In particular, IHOP Franchisor argues that Plaintiff fails to satisfy the test for operator liability set forth in *Sullivan I*.[2] (Def.'s Mem., Dkt. 33-3, at 3–6 (citing, *inter alia*, *Sullivan I*, 2020 WL 353752, at *8).) The *Sullivan I*

---

[2] Plaintiff does not allege that IHOP Franchisor owns or leases the Restaurant. (*See generally* Am. Compl., Dkt. 23; *cf. id.* ¶¶ 11–14 (alleging that "Defendant Bernardo Dejesus owns the property located at 254-02 Rockaway Boulevard," "[D]efendant Richie's H.O.P., Inc. operates and/or leases property located at 254-02 3 Street from the [D]efendant Bernardo Dejesus," and "Bernardo Dejesus and Richie's H.O.P., Inc. have a written lease agreement").)

6

test requires Plaintiff to allege that IHOP Franchisor "specifically controls the Restaurant's accessibility to the disabled." *See Sullivan I*, 2020 WL 353752, at *6.

In contrast, Plaintiff encourages the Court to apply a more lenient pleading standard to her NYCHRL claim for two reasons. (Pl.'s Mem. Opp'n Mot. to Dismiss ("Pl.'s Mem."), Dkt. 34, at 4–7.) First, she argues that claims under the NYCHRL "must be reviewed independently from and 'more liberally' than their federal and state counterparts." *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 31 (N.Y. App. Div. 2009)). Second, the NYCHRL, unlike its state or federal counterparts, explicitly contemplates that franchisors may be held liable for disability discrimination. *See* N.Y.C. Admin. Code § 8-107(4)(a) (prohibiting disability discrimination by any "owner, *franchisor*, franchisee, lessor, lessee, proprietor, manager, superintendent, agent, or employee of any place or provider of public accommodation" (emphasis added)).

Assuming without deciding that a more liberal standard for pleading franchisor liability under the NYCHRL *does* apply, the allegations in the Amended Complaint are nonetheless insufficient to state a claim against IHOP Franchisor. The Amended Complaint alleges that IHOP Franchisor acts as a franchisor pursuant to a franchise agreement with Richie's H.O.P., Inc, (Am. Compl., Dkt. 23, ¶ 12), but otherwise contains no factual allegations specific to IHOP Franchisor. Plaintiff alleges no facts concerning IHOP Franchisor's conduct or policies and generally makes no attempt to connect IHOP Franchisor to the discrimination she purportedly experienced due to her disability, or to the structure, layout, and day-to-day operation of the Restaurant. (*See generally* Am. Compl., Dkt. 23.) To the contrary, for the purposes of her NYCHRL claim, Plaintiff arguably engages in improper group pleading in that she "lumps all [] [D]efendants together . . . and provides no factual basis to distinguish their conduct." *See Plusgrade L.P. v. Endava Inc.*,

7

No. 21-CV-1530 (MKV), 2023 WL 2402879, at *6 (S.D.N.Y. Mar. 8, 2023) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order)) (cleaned up) (dismissing complaint due to its use of group pleading which "preclude[d] each of the thirteen defendants from knowing what conduct it is alleged to have performed and, thus, against which allegations it must defend"); (*see, e.g.*, Am. Compl., Dkt. 23, ¶ 73 ("Defendants have discriminated, and continued to discriminate, against Plaintiff in violation of the NYCHRL . . . by designing, creating and/or maintaining an inaccessible commercial facility/space.")).  Such conclusory and undifferentiated allegations are insufficient to state a claim against Defendant IHOP Franchisor.  Nor is the single allegation that Defendant Richie's H.O.P., Inc. operates the Restaurant pursuant to a franchise agreement with IHOP Franchisor adequate to support Plaintiff's claim.[3]  Holding otherwise would expose franchisors to inordinate amounts of liability for any misconduct committed by a franchisee, regardless of whether the franchisee operates "as an independent business . . . at the franchisee's direction and for its own benefit."  *See Sullivan I*, 2020 WL 353752, at *5 (quoting *Nebraskaland, Inc. v. Sunoco, Inc. (R&M)*, No. 10-CV-1091 (RJD) (CLP), 2013 WL 5656143, at *5 (E.D.N.Y. Oct. 11, 2013)).

Finally, Plaintiff's claim against Defendant IHOP Franchisor also fails under the more demanding test set forth in *Sullivan* for pleading operator liability under Title III of the ADA.  Notably, the court in *Sullivan* dismissed the plaintiff's claims under both the ADA and the NYCHRL,[4] even though the plaintiff in that case made far more detailed factual allegations against

---

[3] Should Plaintiff uncover meaningful evidence connecting IHOP Franchisor to the operation of the Restaurant or alleged discrimination, she can seek leave to amend the Amended Complaint at that time.

[4] In *Sullivan*, the court analyzed the plaintiff's ADA and NYCHRL claims under the same pleading standard.  *See Sullivan I*, 2020 WL 353752, at *8 ("In this case, '[t]hough there are differences between the statutes, such as the definition of disability, the [c]ourt has not found—

the franchisor defendant than Plaintiff does here. *See Sullivan I*, 2020 WL 353752, at *6–8 (discussing specific allegations concerning provisions of the franchise agreement, as well as the franchisor's operations manual and mandatory training program). Furthermore, as previously noted, Plaintiff's original complaint asserted an ADA claim against IHOP Franchisor, which Plaintiff later dropped from her Amended Complaint after IHOP Franchisor filed its initial PMC request. *See supra* Background § II. The Court infers from that decision that Plaintiff herself does not believe that her ADA claim against IHOP Franchisor is viable at this time.

## CONCLUSION

For the foregoing reasons, Defendant IHOP Franchisor's motion is granted. The sole claim remaining against Defendant IHOP Franchisor, under the NYCHRL, is dismissed, and Defendant IHOP Franchisor is dismissed from this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 2, 2024
       Brooklyn, New York

---

and the parties have not identified—any relevant difference between the analysis required by the NYCHRL and the analysis required by the federal laws of the question at issue here.'" (quoting *Dicarlo*, 2016 WL 482982, at *2)).